UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                          File No. 1:04-CR-165

                                          HON. ROBERT HOLMES BELL

WILLIAM EDWARD FLYNN,

       Defendant.
                                  /

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO RE-ENTER NOTICE OF DEFAULT

On January 20, 2006, Defendant William Edward Flynn filed a motion to review sentence, ostensibly pursuant to 18 U.S.C. § 3742 (Docket #625). While that motion was pending, Defendant sought entry of a default against the government (Docket #626) and subsequently moved for a default judgment (Docket #630) based on the government's failure to file a response to his motion to review the sentence.

This Court previously has denied Defendant's request for entry of default (Docket #628) and motion for entry of default judgment (Docket #635), and it has denied the underlying motion to renew sentence (Docket #635).  Presently before the Court are two additional motions (Docket ##634, 637), which alternatively seek a default judgment or a grant of summary judgment, again because the government failed to file a timely response to Defendant's various meritless motions.

As the Court explained in its March 13, 2006 order denying the motion to review the sentence (Docket #635), 18 U.S.C. § 3742 fails to provide a jurisdictional basis to this Court to grant the relief requested by Defendant. Title 18, United States Code, Section 3742 simply provides the statutory authority for the filing of an appeal of a criminal conviction. It does not confer blanket authority upon this Court to review judgments of sentence. The Court expressly advised Defendant that the relief he sought could only be brought before this Court in a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. The Court advised Defendant that it was without authority to recharacterize his pleading as a motion brought pursuant to § 2255 without first warning him that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions" and providing him with an opportunity to either withdraw his motion or amend it so that it contains all of the claims that he wishes to raise with regard to his criminal conviction. *See Castro v. United States*, 540 U.S. 375, 383 (2003); In re *Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Because Defendant presently has an appeal of his judgment of conviction pending in the Sixth Circuit, the Court concluded that a 28 U.S.C. § 2255 motion would be inappropriate at this time. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (federal courts of appeal, including the Sixth Circuit, generally hold that a section 2255 motion is inappropriate while an appeal of right is pending, in the absence of special circumstances). The Court therefore simply denied the § 3742 motion as meritless without prejudice to any future § 2255 motion.

As a result, all issues before the Court previously have been fully and completely resolved on the merits. Because Defendant's motion under § 3742 fails to present a valid basis for the relief he requests, entry of a default judgment or summary judgment in his favor is wholly inappropriate, regardless of whether the government has filed a timely response.[1]

For the reasons set forth in this order and in the Court's March 13, 2006 order,

**IT IS HEREBY ORDERED** that Defendant William Edward Flynn's motion to re-enter notice of default (Docket #634) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Docket #637) is **DENIED**.

Date:    March 22, 2006            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court observes that Defendant proceeds under the misconception that a post-conviction motion in a criminal case is governed by Rule 55 of the Federal Rules of Civil Procedure. While motions pursuant to 28 U.S.C. § 2255 may be considered in light of both the Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure, to the extent applicable, Defendant expressly disavows any intent to file a motion under § 2255. Regardless, even were Rule 55 applicable to the instant motion, FED. R. CIV. P. 55(e) bars entry of a default judgment against the United States on a meritless claim.